WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Empie,<br><br>             Plaintiff,<br><br>v.<br><br>Medical Society Business Services Incorporated,<br><br>             Defendant. | No. CV-13-02650-PHX-BSB<br><br>**ORDER** |

Plaintiff Aaron Empie (Empie or Plaintiff), and Defendant Medical Society Business Services Incorporated (Defendant), have filed cross motions for partial judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, on Count III of the Complaint in which Plaintiff alleges that Defendant violated section § 1692e of the Fair Debt Collection Practices Act (FDCPA).  (Docs. 29, 33.)  As set forth below, the Court denies Plaintiff's motion and grants Defendant's motion.

**I.     Judgment on the Pleadings Standard**

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial."  Fed. R. Civ. P. 12(c)  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Caffaso, .S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 n.4 (9th Cir. 2011).   When analyzing a Rule 12(c) motion, the court accepts the nonmovant's allegations as true, *see Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,

1550 (9th Cir. 1989), and construes factual allegations in a complaint in the light most favorable to the nonmovant. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist*., 644 F.3d 934, 937 n.1 (9th Cir. 2011). Although a court may not consider matters outside the pleadings in ruling on a Rule 12(c) motion, a document is not considered "outside" the complaint if the complaint attaches the document and if the authenticity of the document is not questioned. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997).

## II.     The Fair Debt Collection Practices Act

The FDCPA is a remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA regulates the conduct of debt collectors, imposing affirmative obligations and prohibiting abusive practices. *See* 15 U.S.C. §§ 1692 – 1692p.

The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. *See McCollough v. Johnson*, *Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission (FTC) is empowered to enforce the FDCPA, 15 U.S.C. § 1692*l*, aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008) (noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

To establish a violation of the FDCPA, a plaintiff must establish that (1) he is a consumer as defined in 15 U.S.C. § 1692a(3); (2) the defendant is a debt collector as defined in 15 U.S.C. § 1692a(6); and (3) the defendant engaged in any act or omission in violation of the FDCPA. *See Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 991-92 (D. Ariz. 2010) (discussing the FDCPA). The parties do not dispute that Plaintiff is a consumer and that Defendant is a debt collector under the FDCPA. (Doc. 33 at 3.) However, as set forth below, the parties dispute whether Defendant's conduct violated the FDCPA.

## III.    Plaintiff's § 1692e Claim — False or Misleading Representations

Plaintiff alleges that Defendant's collection letters violated § 1692e, which prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section includes a non-exhaustive list of examples of proscribed conduct, including "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." *Id.* at § 1692(e)(9).

Specifically, Plaintiff alleges that Defendant sent him debt collection letters from the "Bureau of Medical Economics" and that these letters violated the FDCPA because they would likely mislead the least sophisticated consumer to believe that Defendant was affiliated with the government. (Doc. 1 at 6.) Plaintiff asserts that he is not arguing that Defendant's collection letters violated § 1692(e) "just because it calls itself the Bureau of Medical Economics," or "merely because its name has the word 'bureau' in it." (Doc. 35 at 1 and 5.) Instead, Plaintiff argues that based on Defendant's name, and the absence of "any indication to alleviate the potential for misunderstanding," the least sophisticated debtor could conclude that the word "bureau" in Defendant's name indicates affiliation with the federal or a state government. (Doc. 29 at 5-8; Doc. 35 at 5.)

### A. The "Least Sophisticated Debtor" Standard

"Whether conduct violates [§] 1692e . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). In the Ninth Circuit, a debt collector's liability under § 1692e of the FDCPA is a question of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran*, 109 F.3d at 1432.

The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000) (internal quotation marks omitted). However, the standard also "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal citation omitted). The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations. *Id*.

### B. Dictionary Definitions of "Bureau"

"A debt collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs, LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011) (citation omitted). Plaintiff argues that because the least sophisticated debtor could have perceived that the Bureau of Medical Economics is affiliated with the government, the collection letters violated the FDCPA. (Doc. 29 at 5-9.) To support his claim, Plaintiff cites dictionary definitions of the word bureau and argues that bureau is defined as "a government department or part of a government department in the U.S." or "a division of a government department or an independent administrative unit." (Doc. 29 at 6.)

Defendant does not dispute that the word bureau can be associated with the government (Doc. 33 at 7-8), but argues that bureau is also defined in the dictionary as "an office for collecting or distributing news or information, coordinating work, or performing specified services; agency" and that many other debt collection agencies use the word bureau in their names. (Doc. 33 at 8.) The parties' citations to different dictionary definitions of the word "bureau" establish only that the word has various common meanings and, therefore, these citations are not helpful in resolving the pending motions.

### C. Defendant's Name Must be Considered in Context

Defendant also argues that Plaintiff's focus on the definition of the word "bureau" is overly narrow and asserts that the Court's analysis should consider Defendant's entire name in the context of the challenged communications in which it appeared. (Doc. 33 at 5, Doc. 38 at 2.) The use of a particular name could violate § 1692e(9) "if the name would cause the least sophisticated consumer erroneously to believe that the entity was a governmental agency or law office . . . ." *Johnson v. Statewide Collections*, 778 P.2d 93, 103 (Wyo. 1989.) However, when determining whether a name is misleading because it implies government involvement, courts typically consider the name as it appears in the context of the communications with the debtor. *See Floersheim v. F.T.C.*, 411 F.2d 874, 877 (9th Cir. 1969) (using Washington, D.C. as a return address and a font and format that simulated government documents exploited consumers' assumption that documents from Washington, D.C. are from the United States government); *Slough v. F.T.C.*, 396 F.2d 870 (5th Cir. 1968) (affirming the FTC's ruling prohibiting a debt collector from using the name "State Credit Control Board" and deceptive practices that created the false impression that the debt collector was affiliated with the government);[1] *Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 914 (W.D. Mich. 2002) (finding a

---

[1] *Floersheim* and *Slough* arose prior to the FDCPA, but interpreted analogous law.

- 5 -

violation of § 1692e(9) when the defendant sent letters on Sheriff's Department letterhead and did not refer to a private company).

Thus, for example, in *Adams v. First Fed. Credit Control, Inc*., 1992 WL 131121 (N.D. Ohio May. 21, 1992), the court found a violation of § 1692e(9) based on the defendant's use of the word "federal" in its name and the style of its letters sent to the plaintiff. The defendant's name, First Federal Credit Control, was listed in bold type and in capital letters at the top of each of the letters sent to the plaintiff. *Id.* at *1. There were also eagle icons that resembled the seal of the United States on either side of the defendant's name. *Id.* Additionally, the letters did not provide any other information as to whether the defendant was affiliated with any governmental entity. *Id.* The court found that the use of the word federal in the letterhead "could easily create in the mind of a consumer, even one who is not naïve, the perception that [the defendant was] related to the federal government." *Id.* at *2. The court further found that the placement of the name between two eagle icons did "nothing to weaken that perception." *Id.* The court concluded that "using the word federal together with an icon similar to a governmental insignia [was] an improper action for a debt collector" and violated § 1692e(9). *Id.*

In contrast to the defendant's name in *Adams*, Defendant's name, "Bureau of Medical Economics," does not directly refer to the federal or a state government. Additionally, the letters do not contain any symbols that resemble government insignia. (Doc. 1, Exs. A, C.) The letterhead on both letters lists Defendant's name, its Phoenix mailing address, its Phoenix telephone numbers, and an e-mail address with a .com (not a .gov) domain name. (*Id.*) The body of the letters refer to a "medical creditor," and state that the letters are "from a debt collector and [are] an attempt to collect a debt." (*Id.*)

Courts have found that "[e]ven an unsophisticated consumer would not equate 'debt collector' with 'federal government.'" *Sullivan v. Credit Control Servs*., 745 F. Supp. 2d 2, 10-11 (D. Mass. 2010) (finding no violation of § 1692e(9) when the letterhead clearly identified the debt collector's name, and contained the required FDCPA language that the communication was from a debt collector). Thus, Defendant's

1  collection letters, which identify Defendant as a debt collector, do not imply that
2  Defendant is affiliated with the government.  Considering the context in which
3  Defendant's name appeared, its use of the word bureau in its name would not cause the
4  least sophisticated debtor to erroneously believe that Defendant was affiliated with a
5  government agency or entity.

6  As Defendant notes (Doc. 33 at 7), other courts have addressed similar issues related to a debt collector's name and found no violation of § 1692e(9).  *See DeSantis v. Roz-ber, Inc*., 51 F. Supp. 2d 244, 246-47 (E.D.N.Y. 1999) (holding that debtor could not find that the use of the name "New Jersey Credit Collection Agency" was affiliated with a government entity); *Pettit v. Retrieval Masters Creditors Bureau*, *Inc.*,  42 F. Supp. 2d 797, 807 (N.D. Ill. 1999) (holding that use of word "national" did not suggest affiliation with the United States government); *Douyon v. NY Med. Health Care, P.C*., 894 F. Supp. 2d 245, 260 (E.D.N.Y. 2012) (a business card that did not list any government agency or entity and the title "financial crimes investigator" did not imply that defendant worked for the government).

16  In contrast, Plaintiff relies on *Dorner v. Commercial Trade Bureau of Cal.*, 2008 WL 1704137 (E.D. Ca. Apr. 10, 2008).  In *Dorner,* the court found that the plaintiff's allegation that the defendant's name, Commercial Trade Bureau of California, gave the false impression that that debt collection company was in some way associated with the State of California, was sufficient to state a claim for a violation of § 1692e(9) and to defeat a 12(b)(6) motion to dismiss.  *Id.* at *5-*6.  The court in *Dorner* did not consider whether the allegation that the defendant's name used the word "bureau" stated a claim under § 1692e(9), but rather considered whether the allegation that the defendant's name used the words "California" *and* "bureau" stated such a claim.  *Id.* at * 1-*2.  The court explicitly declined to "judg[e] the merits of the case."  *Id*. at *5.  Therefore, the Court finds that *Dorner* is distinguishable and does not hold that the use of the word "bureau" in a defendant's name is sufficient to establish a violation of § 1692(e).

### D. Defendant's Use of the Word "Agency" in its Letters

Finally, Plaintiff argues that the use of word "agency" in Defendant's March 5, 2013 collection letter was ambiguous and suggested a government affiliation. (Doc. 29 at 9.) The letter states that Defendant is a "fully licensed collection agency." (Doc. 1, Ex. C.) In *Sullivan,* the court rejected a similar argument. There, Plaintiff argued that the use of the word "agency" in the defendant's letters created the impression that the defendant was affiliated with the government. The court found that the word agency may, in some contexts, suggest an agency of the government. *Sullivan*, 745 F. Supp. 2d at 9. However, the court also found that the word "agency" has multiple other meanings, particularly in the context of debt collection. *Id.* The court explained that the term "collection agency" is a term of art that usually refers to a "third-party that attempts to collect a debt on behalf of (that is, as an 'agent' of) a creditor in return for a percentage of the amount collected." *Id.* Thus, the court concluded that it was not misleading for the defendant to refer to itself as an agency when attempting to collect a debt. Here, as in *Sullivan*, the Court finds that use of the word agency was not likely to mislead the least sophisticated debtor.

### IV. Conclusion

In summary, considering the context in which Defendant's name appeared, the least sophisticated debtor would not be misled by the word bureau in Defendant's name. The letters include an email address with a .com, not a .gov, domain name, the letters do not contain any symbols that resemble government insignia, the letters do not refer to an address that is commonly associated with the government, and the letters state that they are from a debt collector to collect a debt. Accordingly, the Court grants Defendant's motion for judgment on the pleadings and dismisses Plaintiff's claim under 15 U.S.C. § 1692e(9) in Count III of the Complaint, and denies Plaintiff's motion for judgment on the pleadings on that same claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 33) is **GRANTED** to the extent that Plaintiff's claim that Defendant violated 15 U.S.C. § 1692e(9) asserted in Count III is **DISMISSED**.[2]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 29) is **DENIED**.

Dated this 9th day of October, 2014.

_____
Bridget S. Bade
United States Magistrate Judge

---

[2] In its response and cross-motion for summary judgment, Defendant asks the Court to dismiss Plaintiff's claims under § 1692e and § 1692f asserted in Counts III and IV. (Doc. 33 at 9.) In its reply, Defendant clarifies that it seeks judgment on the pleadings on Count III, not Count IV. (Doc. 38 at 4.)